IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00975-GPG

MAURICE DOUGLAS COOPER,

    Plaintiff,

v.

COLORADO SPRINGS POLICE DEP.,
CITY OF COLORADO SPRINGS, and
STATE OF COLORADO,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Maurice Douglas Cooper, is an inmate at the El Paso County Criminal Justice Center in Colorado Springs, Colorado.  Mr. Cooper has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Cooper is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Cooper will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint is deficient.  First, Mr. Cooper fails to provide an address for any of the Defendants.  Mr. Cooper must provide a complete address for each Defendant so that they may be served properly.

    The Prisoner Complaint also is deficient because it does not comply with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Cooper alleges he was assaulted by two Colorado Springs police officers on February 12, 2015. Construing the Prisoner Complaint liberally, it appears that Mr. Cooper may intend to assert constitutional claims against the police officers who allegedly assaulted him. If so, he must name those officers as Defendants in the caption of the amended complaint he will be ordered to file. Mr. Cooper also must allege specific facts that demonstrate how each officer personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation

complained of [are] essential"). Mr. Cooper may use fictitious names, such as John and Jane Doe, if he does not know the real names of the officers who allegedly assaulted him, but he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. As noted above, Mr. Cooper also must provide an address where each Defendant may be served.

With respect to the entities named as Defendants in the caption of the Prisoner Complaint, Mr. Cooper fails to provide a short and plain statement of any constitutional claims showing he is entitled to relief. Mr. Cooper's claims for damages against the State of Colorado are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Mr. Cooper's claims against the Colorado Springs Police Department, which the court construes as being asserted against the City of Colorado Springs, lack merit in the absence of specific facts that demonstrate he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

In summary, Mr. Cooper must identify who he is suing, the specific claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated"). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Mr. Cooper file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Cooper shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Cooper fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED May 19, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

_____

United States Magistrate Judge