IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00975-GPG

MAURICE D. COOPER,

    Plaintiff,

v.

C.S.P.D.,
CITY OF COLORADO SPRINGS, and
STATE OF COLORADO,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Maurice D. Cooper, is an inmate at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Cooper initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On May 19, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Cooper to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On June 12, 2015, Mr. Cooper filed an amended Prisoner Complaint (ECF No. 10).

    The Court must construe the amended Prisoner Complaint liberally because Mr. Cooper is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Pursuant to 28 U.S.C. § 1915A, the Court must review the amended Prisoner Complaint because Mr. Cooper is a prisoner and he is seeking redress from officers or

employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous or that seeks monetary relief from a defendant immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part pursuant to § 1915A(b).

Mr. Cooper asserts one claim for relief pursuant to 42 U.S.C. § 1983 in the amended Prisoner Complaint. He contends that his constitutional rights were violated when he was assaulted by two officers of the Colorado Springs Police Department on February 12, 2015. Mr. Cooper specifically alleges that the two officers used excessive force and that he was restrained with handcuffs for most of the assault. He seeks damages as relief.

Mr. Cooper does not assert a specific claim against the State of Colorado and the facts he alleges in the amended Prisoner Complaint do not support an arguable claim against the State of Colorado. Furthermore, as Magistrate Judge Gallagher explained to Mr. Cooper, any claims for damages he may be asserting against the State of Colorado are barred by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v.*

*Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the State of Colorado will be dismissed as a party to this action.

Mr. Cooper does indicate in the amended Prisoner Complaint that he is asserting his claim against the Colorado Springs Police Department and the City of Colorado Springs. However, Mr. Cooper can not sue the Colorado Springs Police Department itself because the Colorado Springs Police Department, which is not a separate legal entity from the City of Colorado Springs, is not a person subject to suit under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Furthermore, as Magistrate Judge Gallagher explained to Mr. Cooper, he can not sue a municipality like the City of Colorado Springs in a civil rights action pursuant to § 1983 unless he alleges facts that demonstrate he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Mr. Cooper fails to allege facts in the amended Prisoner Complaint that demonstrate the injuries he suffered as a result of being assaulted by two police officers were caused by a municipal policy or custom. Therefore, the claim he is asserting against the Colorado Springs Police Department and the City of Colorado Springs is legally frivolous and will be dismissed. The Colorado Springs Police Department and

the City of Colorado Springs also will be dismissed as parties to this action.

Although they are not listed as Defendants in the caption of the amended Prisoner Complaint, Mr. Cooper indicates in the text of the amended Prisoner Complaint that the Defendants in this action include the two police officers, named as John or Jane Does, who allegedly assaulted him and the Mayor of Colorado Springs. (*See* ECF No. 10 at 2.) Construing the amended Prisoner Complaint liberally, it is clear that Mr. Cooper is asserting his constitutional claim against the individual police officers who allegedly assaulted him. (*See* ECF No. 10 at 4.) Therefore, the clerk of the Court will be directed to add the two John or Jane Doe police officers as parties to this action.

The Court will not direct that the Mayor of Colorado Springs be added as a party because Mr. Cooper does not assert any claim against the Mayor of Colorado Springs and "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Magistrate Judge Gallagher advised Mr. Cooper that personal participation is an essential allegation. Despite this advisement, Mr. Cooper fails to allege any facts that demonstrate the Mayor of Colorado Springs personally participated in the asserted constitutional violation. Therefore, even construing the amended Prisoner Complaint liberally as asserting a claim against the Mayor of Colorado Springs, the claim would be subject to dismissal as legally frivolous.

The Court will not address at this time the merits of the constitutional claim against the individual police officers who allegedly assault Mr. Cooper. Instead, the

action will be drawn to a presiding judge and, if applicable, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Defendants C.S.P.D., the City of Colorado Springs, and the State of Colorado are dismissed as parties to this action because the claims against them are dismissed pursuant to 28 U.S.C. § 1915A(b).  It is

FURTHER ORDERED that the clerk of the Court add as Defendants in this action the following two individuals listed as Defendants on page two of the amended Prisoner Complaint: John or Jane Doe, Colorado Springs police officer, and John or Jane Doe 2, Colorado Springs police officer.  It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this   6th   day of     July     , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court